FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

2013 JAN 16  AM 11: 45

CASE NO.

U.S. DISTRICT COURT
MIDDLE DISTRICT FLORIDA
FORT MYERS, FLORIDA

JEAN BRIGHT,

    Plaintiff,

v.

2:13-cv-29-Ftm-29DNF

VIKING CLIENT SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this District, and where Defendant transacts business in this District.

### PARTIES

4.    Plaintiff, Jean Bright ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Lee, and City of Cape Coral.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

6.     Defendant, Viking Client Services, Inc. ("Defendant"), is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and of attempting to collect a "consumer debt" from Plaintiff, as defined by Fla. Stat. § 559.55(1).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     Prior to August 2012, in connection with the collection of an alleged debt of Plaintiff's ex-husband, William Bright ("Mr. Bright"), Defendant began placing calls to Plaintiff's cellular telephone number.

12.     Plaintiff has not had contact with Mr. Bright in the last 5 years.

13.     Plaintiff's outgoing message specifically states "this is Jean."

14.     In or about August 2012, Plaintiff told Defendant that Mr. Bright does not reside with Plaintiff and that Mr. Bright is not associated with Plaintiff's cellular telephone number.

15.     In connection with the collection of an alleged debt from Mr. Bright, Defendant placed calls to Plaintiff's cellular telephone number, including, but not limited to, the following dates and times: August 7, 2012 at 1:49 P.M. and September 27, 2012 at 11:52 A.M.

16.     By continuing to place calls to Plaintiff's cellular telephone, despite the fact that Plaintiff's outgoing message specifically states that it is for "Jean" and after Plaintiff has told Defendant that Mr. Bright does not reside with Plaintiff, Defendant placed calls with the intent to harass the person at the called number.

17.     Plaintiff faxed Defendant written communication on October 3, 2012, and in such communication, demanded that Defendant cease and desist from placing any and all further calls to Plaintiff. (See October 3, 2012 Correspondence, attached as Exhibit A; see Fax Confirmation, attached as Exhibit B).

18.     Plaintiff never provided Defendant express written consent to place calls to her cellular phone using an automated dialing system.

19.     Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

20.     Defendant did not place any telephone calls to Plaintiff for emergency purposes.

21.     Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of a debt.

22.     Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

23.     Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

24.     Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

25.     Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

26.     Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

27.     Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d

28.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 27.

29.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF 47 U.S.C. § 227(b)(1)(A)(iii)

30. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 27.

31. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF FLA. STAT. § 559.72(7)

32.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 27.

33.     Defendant violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which could reasonably have been expected to abuse or harass the debtor or any member of her family.

34.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Jean Bright, by and through her attorneys, respectfully prays for judgment as follows:

    a) All actual compensatory damages suffered;

    b) Emotional and/or mental anguish damages;

    c) Statutory damages of $1,000.00;

    d) Plaintiff's attorneys' fees and costs;

    e) Any other relief deemed appropriate by this Honorable Court.

## COUNT IV
## VIOLATION OF FLA. STAT. § 559.72(9)

35.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 27.

36.     Defendant violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

37.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Jean Bright, by and through her attorneys, respectfully prays for judgment as follows:

f) All actual compensatory damages suffered;

g) Emotional and/or mental anguish damages;

h) Statutory damages of $1,000.00;

i) Plaintiff's attorneys' fees and costs;

j) Any other relief deemed appropriate by this Honorable Court.

### TRIAL BY JURY

38.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 14th day of January 2013.

Respectfully submitted,

**JEAN BRIGHT**

By:_____
ALEX D WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, # 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com